## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jack Ternan | Sylvia Rivera |
| Michael Colton | Dan Marmalefsky |

**Proceedings:**       DEFNDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (Filed 07/20/15)[30]

## I.     INTRODUCTION

On March 18, 2015, plaintiffs DCD Partners, LLC ("DCD Partners"), Personal Investment Center, LLC ("PIC LLC"), and Reverend Dr. J. Benjamin Hardwick ("Reverend Hardwick"), as a trustee of the Personal Involvement Center Trust No. 1 ("PIC Trust") (collectively, "plaintiffs") filed the instant suit in the Los Angeles County Superior Court against defendants Transamerica Life Insurance Company ("Transamerica") and Does 1 through 30 (collectively, "defendants"). Dkt. 1. On April 30, 2015, Transamerica filed a notice of removal on the basis of diversity jurisdiction. Id. On June 19, 2015, plaintiffs filed the operative first amended complaint ("FAC"). Dkt. 22.

The FAC asserts the following claims: (1) breach of contract, in violation of California law; (2) breach of the covenant of good faith and fair dealing; (3) tortious breach of the duty of good faith and fair dealing; (4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (5) declaratory judgment; and (6) negligent misrepresentation. Id.

On July 20, 2015, defendants filed a motion to dismiss plaintiffs' FAC. Dkt. 30. Plaintiffs opposed the motion on August 5, 2015, Dkt. 34, and defendants replied on August 17, 2015, Dkt. 37. The Court held a hearing on August 24, 2015. Having carefully considered the parties arguments the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

## II.   BACKGROUND[1]

### A.   Issuance of the Transamerica Policies

Plaintiffs are the owners of numerous Transamerica flexible premium universal life insurance policies. FAC ¶¶ 7-9. In the late 1990s, Reverend Hardwick began negotiations with Transamerica to establish a program providing charitable life insurance policies for members of low-income, predominantly African-American church congregations in Los Angeles, California. Id. ¶ 14. The purpose of this program was to ensure that the families of participating members would not be burdened with burial expenses. Id. Prior to issuance of the policies, Transamerica assured Reverend Hardwick that it would be a violation of Transamerica's corporate principles to discriminate against African-Americans by charging them rates higher than those charged to other policyholders. Id. ¶ 15. Plaintiffs allege that this promise was material to Reverend Hardwick's decision to proceed with the Transamerica life insurance program. Id. ¶ 16.

---

[1] On July 20, 2015, the parties filed a stipulation recognizing a "specimen" policy (the "Specimen Policy") that is emblematic of the policies at issue in this case. Dkt. 32. The parties stipulated that this policy could be judicially noticed by the Court solely for the purposes of adjudicating defendants' motion to dismiss the FAC. Id.

Furthermore, defendants have requested judicial notice of two life insurance policy illustrations. Defs.' RJN. Defendants contend that these documents are expressly referenced to and relied on in plaintiffs' claims and therefore may be judicially noticed under the incorporation by reference doctrine. Id. at 2. Under the incorporation by reference doctrine, a court may take judicial notice of a document if the complaint "necessarily relies" on the document. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs allege that Transamerica has previously provided these illustrations to plaintiffs. FAC ¶ 30. Furthermore, in several of the claims, plaintiffs allege that Transamerica has engaged in fraudulent activity, including providing plaintiffs these illustrations, which plaintiffs allege are deceptive. See, e.g. FAC ¶ 69. Accordingly, defendants request for judicial notice is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

On March 9, 2004, Transamerica approved and issued 1,229 policies to PIC Trust ("Pool 1"). Id. ¶ 18. On November 9, 2004, Transamerica approved and issued 1,171 policies to PIC LLC ("Pool 2") (collectively, "the policies"). Id. In 2009, DCD Partners, which is apparently unaffiliated with the other plaintiffs, acquired an ownership interest in the policies. Id. ¶ 29. DCD Partners agreed to pay the policy premium in exchange for receiving the majority of the death benefits under the policies. Id. ¶¶ 19, 27. Prior to acquiring this interest, DCD Partners received information regarding the policies from Transamerica. Id. ¶ 29. In particular, Transamerica represented that it had only increased the cost of insurance once over the previous thirty years. Id. Plaintiffs allege that DCD Partners reasonably relied on this representation in acquiring its interest in the policies. Id.

### B.    Terms and Structure of the Policies

Each of the policies is a TransValue flexible premium universal life insurance policy. See Specimen Policy. Each of the policies is governed by a written contract ("the Policy") and provides a total death benefit of $275,000. FAC ¶ 19-20. The benefit is distributed in three payments: (1) $225,000 to DCD Partners; (2) $35,000 to either PIC Trust or PIC LLC; and (3) $15,000 to the insured's beneficiary for funeral and other expenses. Id. ¶ 19.

Under the Policy, premiums are paid into an Accumulation Value Account (the "Accumulation Value Account"). Id. ¶ 21. This account earns a minimum interest rate of 4%. Specimen Policy, at 2. Each month, Transamerica deducts a monthly deduction from this account. FAC ¶ 21. The monthly deduction is calculated using a formula, which includes three variables: (1) a policy fee fixed at $4.33; (2) a monthly deduction rate ("MDR"); and (3) a monthly expense charge ("MEC"). Id. ¶ 24. At all times, the Accumulation Value Account must have a net positive balance or the Policy will lapse. Id. ¶ 21. Accordingly, while the Policy does not have a set premium, the amount of the policy premiums corresponds to changes in the two variable rates, the MDR and MEC. Id. ¶ 23. The higher the MDR and MEC, the greater the premiums required to maintain a positive balance and avoid a lapse of the Policy. Id.

The Policy establishes maximum permissible rates for the MDR and MEC; however, it expressly permits Transamerica to use rates lower than the maximum rates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

Specimen Policy, at 14. The Policy provides that, at the beginning of each month, Transamerica will determine the MDR based on five risk classifications: the insured's gender, the insured's smoking status, the insured's class of risk as of the policy date (i.e. smoker or non-smoker), the number of years the policy has been in force, and the insured's attained age. FAC ¶ 25. The Policy also provides that any change in the MDR and MEC will be "prospective and will be subject to [Transamerica's] expectations as to future cost factors." Id. ¶ 47. Permissible cost factors include, but are not limited to, mortality, expenses, interest, persistency, and any applicable federal, state, and local taxes. Id. Transamerica states that it does "not distribute past surplus or recover past losses by changing the monthly deduction rates." Id. Finally, the Policy imposes a duty on Transamerica to disclose certain information to plaintiffs. Id. ¶ 28. Specifically, Transamerica must send plaintiffs a statement, at least once a year, showing: the face amount; accumulation value; cash value; loans; partial surrenders; surrender penalty free withdrawals; Additional Credits; premiums paid; and charges as of the statement date. Id.

## C.    The Instant Dispute

Each month, Transamerica sends DCD Partners a notice stating the amount of premium payments requested for the policies. Id. ¶ 32. In recent notices, plaintiffs allege, Transamerica has drastically increased the amount of premiums requested by increasing the MDR and/or MEC. Id. For example, plaintiffs allege that on February 18, 2014, DCD Partners received a notice increasing the premiums for Pool 1 by 62.5%. Id. And, in the fall of 2014, plaintiffs allege that DCD Partners received a notice increasing the premiums on Pool 2 by 64.8%. Id. Plaintiffs contend that, prior to these increases, projected annual premiums totaled $1,831,589. Id. ¶ 33. As of January 2015, however, plaintiffs anticipate total annual premiums of $4,318,873, a 135.8% increase. Id.

Plaintiff's allege that Transamerica increased the cost of premiums because "Transamerica wants to increase its profitability, shed the Policies on disadvantaged African-American citizens in Los Angeles, and bring about the lapse of the Policies by making the premiums cost-prohibitive." Id. ¶ 41. Plaintiffs allege that these actions violate the Policy and were committed in bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (citing Twombly and Iqbal)).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|------------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   ANALYSIS

### A.   Breach of Contract

Defendants assert that plaintiffs have failed to state a claim for breach of contract under California law.  To state a claim for breach of contract under California law, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach, and resulting damage.  Vaccarino v. Midland Nat. Life Ins., Co., 2011 WL 5593883, at *7 (C.D. Cal. Nov. 14, 2011) (citing Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008)).  Plaintiffs allege that defendants breached the terms of the policy in four ways: (1) impermissibly increasing the MDR and MEC; (2) charging different rates to policy holders with identical risk classifications; (3) increasing the MDR for a reason not permitted by the policy; and (4) failure to comply with disclosure obligations required by the policy.  FAC ¶¶ 46-50.  The Court will address each of these alleged violations in turn.

### 1.   Impermissibly Increasing the MDR and MEC

Plaintiffs first argue that defendants violated the policy by increasing the MDR and MEC.  Regarding the MDR, the policy expressly states:

A table of guaranteed maximum monthly deduction rates for the base policy is shown in the Policy Data.  We may use rates lower

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

than these guaranteed maximum monthly deduction rates. We will never use higher rates.

Specimen Policy, at 14. The policy contains a nearly identical provision regarding the MEC. Id. The Policy Data lists the maximum MDR permitted in each year of the policy and the maximum MEC for all years of the policy. Id. at 2-3.

Plaintiffs argue that this language granted defendants discretion to use rates lower than the maximum MDR and MEC, but denied them the ability to increase those rates once they were established. Opp. to Mot. to Dismiss, at 3. Plaintiffs place great weight on the phrase, "we will never use higher rates." They contend that, once defendants elected to initiate the policy with an MDR and MEC lower than the maximum rates permitted, they were bound by a promise to "never use higher rates" during the life of the policy. Id.

Plaintiffs' argument is without merit. The quoted language is appropriately read as barring defendants only from setting the MDR and MEC at rates above the maximum rates. Nothing in the Policy prevents defendants form exercising the discretion to "use rates lower" than the maximum rates, and to increase those rates, so long as they do not exceed the maximum rates specified in the Policy Data. Where the terms of the policy are unambiguous, the Court will not infer a limitation on defendants which is not supported by the language of the policy. See Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ("Croskey") ¶ 4:11 ("'Clear and explicit' policy language governs.") quoting Powerine Oil Co., Inc. v. Supt. Ct., 37 Cal. 4th 377, 390 (2005). Accordingly, insofar as plaintiffs assert that any increase of the MDR and MEC constitutes a violation of the policy, defendants' motion is GRANTED without prejudice.

However, plaintiffs have also alleged that at least one policy was charged an MDR and/or MEC in excess of the purported maximum rates. In the first amended complaint, plaintiffs identify Policy no. 46-6149. FAC ¶ 39. According to the provisions of this policy, the monthly deduction could not exceed $50.89 during policy year 2012-2013. Id. Nonetheless, plaintiffs allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

that this policy was charged a monthly deduction of $569.08. Id. Taking plaintiffs' allegations as true, the complaint states an express violation of the policy, at least as to policy no. 46-6149.

Defendants argue that plaintiffs have failed to adequately allege that additional policies were charged rates in excess of the maximum MDR and MEC rates. Reply at 10. Specifically, defendants contend that plaintiffs have identified only a single instance of an MDR or MEC above the maximum rates whereas the instant litigation involves over 2,000 policies. Id.

Defendants' argument is unavailing. At the pleading stage, plaintiffs need only establish that it is "plausible" that additional policies were charged impermissible rates. See Twombly, 550 U.S., at 547 (a plaintiff needs "only enough facts to state a claim to relief that plausible on its face."). The court may infer from evidence that policy no. 46-6149 was charged a monthly deduction in excess of the maximum rate, that additional policies were violated in the same manner. Therefore, to the extent plaintiffs assert that defendants breached the policy by charging rates in excess of the maximum MDR and MEC, defendants' motion is DENIED.

### 2. Charging different rates to policy holders with identical risk classifications

The policy provides that Transamerica will set the MDR based on five risk classifications: (1) the policy holder's gender; (2) the policy holder's smoking status; (3) the policy holder's class of risk (i.e. smoker or non-smoker) as of the policy date; (4) the number of years that the policy has been in force; and (5) the policy holder's attained age. Specimen Policy, at 13.

Based on these classifications, plaintiffs argue that the policy requires defendants to charge the same MDR to all policy holders with the same risk classifications. FAC ¶ 45. For example, under plaintiffs' theory, all Transamerica policy holders who are 21 years old, non-smokers, and have had a policy in force for five years should be charged the same rate. See Opp. to Mot. to Dismiss, at 7. Plaintiffs contend that defendants breached the policy by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

charging plaintiffs' an MDR greater than other policies with identical risk classifications.  FAC ¶ 45.

Plaintiffs' argument is not supported by the policy language and is implausible.  While, theoretically, all 21 year old female non-smokers with a policy in force for five years may have the same risk classifications, plaintiffs fail to account for variations across Transamerica's many policy forms. Plaintiffs cannot contend that defendants are required to charge the same rate to all policyholders without regard to the type of policy at issue.  This would mean, for example, that a policy holder with term life insurance would be charged the same rate as a policy holder with whole life insurance simply because their risk classifications were the same.

Accordingly, to the extent plaintiffs argue that defendants must charge the same rates to policyholders with identical risk classifications across *all* of their policies, they have failed to state a valid theory for breach of contract. Therefore, to the extent plaintiffs argue that defendants breached the policy by charging different rates to policyholders with the same risk classifications, defendants' motion is GRANTED without prejudice.

### 3. Increasing the MDR for a reason not permitted by the policy

The policy provides that, "[a]ny change in the monthly deduction rate will be prospective and will be subject to [defendants] expectations as to future cost factors.  Such cost factors may include, but are not limited to: mortality; expenses; interest; persistency; and any applicable federal, state and local taxes." Specimen Policy, at 14.  Additionally, plaintiffs allege that the policies provide that "Transamerica does 'not distribute past surplus or recover past losses by changing the monthly deduction rates." FAC ¶ 47.

Plaintiffs argue that defendants breached the policy by increasing the MDR based on circumstances other than "cost factors."  Id.  Specifically, they argue that defendants increased the MDR based on profitability and racial animus.  See Id. at ¶¶ 41, 47 ("Transamerica wants to increase its profitability,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

shed the Policies on disadvantaged African-American Citizens in Los Angeles, and bring about the lapse of the Policies by making the premiums cost-prohibitive.").

Defendants respond that the policy gave Transamerica wide discretion to increase the MDR in light of changing circumstances affecting these policies. Mot. to Dismiss at 12. Moreover, defendants argue that plaintiffs have provided only speculative allegations, without facts demonstrating racial animus or an improper profit motive. Reply at 9.

Taking plaintiffs allegations that the defendants increased the MDR for reasons other than cost factors as true, as it must do on a 12(b)(6) motion, the Court finds that plaintiffs have stated a plausible claim for breach of contract. As defendants argue, it is conceivable that the cost of insuring a policy holder might increase sufficiently to justify a change in the MDR. See Mot. to Dismiss at 13. However, plaintiffs do not merely allege a change in the MDR. Rather, they allege that, as of January of this year, premium rates had increased by 135.8%. FAC ¶ 33. It is therefore plausible that defendants considered factors other than the cost of maintaining these policies in effecting such a significant change.[2] Contrary to defendants' assertions, such allegations "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly,

---

[2] Defendants also argue that in the 2009 and 2011 policy illustrations, which this Court has judicially noticed, defendants indicated that there would be a substantial increase in premiums in policy years 10 and 11. Therefore, to the extent the current increases appear excessive, defendants contend that these increases were contemplated by the parties at the inception of the policy. Plaintiffs disagree with this assertion and contend that, even if an increase was anticipated, an increase of this magnitude was not. For example, they allege that defendants represented that it had increased rates only once in the past 30 years. FAC ¶ 29. On a motion to dismiss, the Court must accept all of plaintiffs assertions as true. Accordingly, while the Court notes that there is a factual dispute regarding the planned rates for these policies, defendants' argument is unavailing at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

550 U.S. at 570.  Accordingly, in so far as plaintiffs argue that defendants used an improper basis to increase the MDR, defendants' motion is DENIED.

> **4.      Failure to comply with disclosure obligations required by the policy**

Finally, plaintiffs allege that defendants have breached the policies disclosure obligations.  The policy provides that "[Transamerica] will send [plaintiffs] a statement at least once a year showing: the face amount; accumulation value; cash value; loans; partial surrenders; surrender penalty free withdrawals; Additional Credits; premiums paid; and charges as of the statement date."  Specimen Policy, at 25.

Plaintiffs allege that defendants failed to: (1) describe how it calculated the substantial increase in the monthly deductions from the policies; (2) provide notice of the increase in the MDR or MEC; and (3) failed to provide material information concerning the policy.  FAC ¶¶ 32-34.  Additionally, there appears to be a factual dispute regarding whether defendants did in fact send a yearly statement containing the disclosures expressly required by the policy.  See Opp. to Mot. to Dismiss at 9-10.

At this juncture, the Court cannot find as a matter of law that failure to disclose the information plaintiffs allege would not constitute a violation of the policy.  At a minimum, failure to comply with the yearly statements provision of the Policy would constitute a breach of one of the express terms of the contract.  Moreover, with regard to plaintiffs additional allegations, the policy language establishes that defendants were obligated to disclose significant information regarding the policy, which could include the basis for increasing monthly deductions, notice of increases in the MDR and MEC, and additional material information.  See also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Moreover, under California law insurers owe "fiduciary-like" duties to their policyholders, which may include significant disclosure obligations.  See Croskey, at ¶¶ 11:146, 157 ("An insurer may be required to disclose 'all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

material facts' relating to an insurance contract that is in existence"). Accordingly, to the extent plaintiffs claim for breach of contract is premised on a violation of the policy's disclosure obligations, defendants' motion is DENIED.

### B.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' second claim for relief asserts that defendants violated the implied covenant of good faith and fair dealing by exercising their discretion to increase the MDR and MEC in bad faith. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-72 (1992). Notwithstanding, the covenant of good faith may not "prohibit a party from doing that which is expressly permitted by an agreement." Id. at 374. However, "where a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing." McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 956 (N.D. Cal. 2012) (quoting Perdue v. Crocker Nat'l Bank, 38 Cal. 3d 913, 923 (1985)).

Defendants argue that the implied covenant does not apply in this instance. Specifically, they argue that the policy expressly permits defendants to exercise their discretion in setting the MDR and MEC, provided they do not violate the policies express limitations (i.e. the maximum permissible rates). Mot. to Dismiss, at 15-16. Implying the covenant of good faith in this case, defendants contend, would prohibit them from taking actions expressly permitted by the policy. Id.

In support of their argument, defendants rely on Baymiller v. Guarantee Mutual Life Company, 2000 WL 1026565 (C.D. Cal. May 3, 2000). In that case, policyholders brought a claim for violation of the implied covenant of good faith against their insurer. Id. at *3. The applicable policy established a minimum interest rate and provided that the insurer could set higher interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|------------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

rates "in the amount and by the method to be determined by the Company" up to a maximum rate. Id. at *1. The policyholders argued that their insurer breached the covenant of good faith by exercising its discretion over interest rates in bad faith. Id. at *3. The court found that the implied covenant did not apply, because implying an obligation to exercise discretion over interest rates in good faith would prohibit the insurer from exercising the wide discretion granted under the policy. Id.

However, in U.S. Bank National Association v. PHL Variable Life Insurance Company, 2015 WL 3932791 (S.D.N.Y. Jun. 22, 2015), the court found that the implied covenant of good faith could apply to an insurer's exercise of discretion under California law. In that case, the applicable policy granted the insurer discretion to set "Cost of Insurance" rates. Id. at *2. The insurer's discretion was restrained by several limitations, including that rates be based on permissible factors and that they not exceed maximum permissible rates. Id. The court found that, because the policy did not grant the insurer unbounded discretion to set rates, it was not inconsistent with the parties agreement to imply a covenant of good faith. Id. ("While the policies provide Phoenix bounded discretion in setting insurance rates, there is no language suggesting that Phoenix was free to set rates as it please subject only to the express limitations in the contract.").

This case is more analogous to U.S. Bank. In Baymiller, because the policy permitted the insurer to set interest rates "in the amount and by the method to be determined by the company," implying the covenant of good faith would have directly contradicted the policies' express grant of wide discretion. In short, the Baymiller policy permitted the insurer to take actions which would otherwise have been forbidden by the implied covenant. Here, defendants' discretion over the MDR and MEC is limited by application of "cost factors." Accordingly, the policies' grant of discretion to defendants is not so broad as to be inconsistent with an obligation of good faith. See U.S. Bank Nat. Assoc., 2015 WL 3932791, at *2 ("In those cases—where discretion exists without broad, Baymiller-like language—California courts have consistently implied a covenant of good faith and fair dealing.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|------------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

Defendants also contend that, even if the implied covenant does apply to this case, plaintiffs have failed to plead sufficient facts to support a claim that the covenant has been breached. Mot. to Dismiss, at 15. Plaintiffs' claim under the implied covenant is based on their allegations that defendants applied improper considerations in adjusting the MDR and MEC. FAC ¶ 57. For the reasons stated above, the Court finds that plaintiffs' allegations of significant increases in the MDR and MEC raise a plausible claim that defendants applied improper factors in changing these rates. Accordingly, plaintiffs have pled sufficient facts to state a claim for breach of the implied covenant of good faith and defendants' motion is therefore DENIED.

### C.  Tortious Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs have also asserted a claim for breach of the implied covenant of good faith and fair dealing sounding in tort. A breach of the implied covenant of good faith in an insurance contract can give rise to an action in either contract or tort. See Archdale v. American Intern. Specialty Lines Ins. Co, 154 Cal. Rptr. 3d 632, 648 (2007) (remedy for breach of the implied covenant "sounds in both contract and tort."). However, to bring an action in tort a plaintiff must allege that benefits due under the policy have been improperly withheld. See Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1250 (2006) ("[T]he essence of the tort of the implied covenant…is focused on the prompt payment of benefits under the insurance policy, there is no cause of action…when no benefits are due.").

Plaintiffs allege that several benefits due under the policy are presently being withheld. Specifically, they allege that an increase in policy rates results in greater monthly deductions from the Accumulation Value Account. Opp. to Mot. to Dismiss, at 14. Plaintiffs are entitled to receive interest on the value of the account and the policy contains several provision by which policyholders may receive cash from the account. Id. Therefore, plaintiffs argue that, by improperly increasing the MDR and MEC, Transamerica has reduced the Accumulation Value Account and, accordingly, reduced the value of benefits plaintiffs are entitled to. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

Defendants respond that, even if the policy rates increased, the FAC admits that DCD Partners has continued to pay premiums at an increased rate. Reply, at 14. Therefore, defendants contend that, because DCD Partners has responded to the rate increases by paying higher premiums, plaintiffs have failed to allege an actual reduction in the Accumulation Value Account. Id.

The Court recognizes that DCD Partners has continued to pay premiums at a higher rate. Nonetheless, while defendants may contend that DCD Partners' increased premiums reduce the likelihood of a diminution in the Accumulation Value Account, at the motion to dismiss stage the Court must take plaintiffs assertions as true and plaintiffs need only state a claim that is "plausible." Plaintiffs have alleged that there has been a diminution in the Accumulation Value Account which reduces the potential for plaintiffs to earn interest and receive cash from the accounts. Furthermore, plaintiffs have alleged that the monthly deduction from the Accumulation Value account has more than doubled. Therefore, the Court finds that plaintiffs have stated a plausible claim that defendants wrongfully denied them a benefit due under the policy.[3]

Furthermore, for the reasons stated above, plaintiffs have stated a plausible claim that defendants exercised their discretion over the MDR and MEC in bad faith. Accordingly, plaintiffs have sufficiently stated a claim for tortious breach of the implied covenant of good faith and defendants motion is DENIED.

---

[3] Defendants also assert that plaintiffs PIC Trust and PIC LLC lack standing to pursue the claims alleged in the FAC. Defendants argue that because DCD Partners pays the premiums for the policies, DCD Partners alone has suffered an economic harm. Mot. to Dismiss, at 24-25. For the reasons stated, the Court finds that plaintiffs have adequately pled facts showing that the alleged increase in policy rates has resulted in a harm to PIC Trust and PIC LLC. Accordingly, the Court finds that plaintiffs PIC Trust and PIC LLC possess standing to pursue the claims alleged in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

### D.     Negligent Misrepresentation

Plaintiffs allege a claim for negligent misrepresentation against defendants.  To establish a claim for negligent misrepresentation, a plaintiff must plead "(1) a misrepresentation of a past or existing fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

In support of their claim, plaintiffs allege that Transamerica represented to Reverend Hardwick that it would violate Transamerica's corporate principles to discriminate against African-American policy holders.  FAC ¶ 15.  Plaintiffs contend that this representation was false, and that in fact defendants singled out the predominantly African-American policy holders in this case for rate increases.  Id. ¶ 41.

Defendants first argue that the representations plaintiffs identify are extraneous to the Policy.  Mot. to Dismiss, at 22.  Therefore, they argue that plaintiffs cannot premise their claim on statements or documents outside the Policy, which is a fully integrated agreement.  Id.  A policy issued by an insurer is "deemed to constitute the entire contract between the parties and nothing shall be incorporated therein by reference…unless the same are endorsed upon or attached to the policy."  Cal. Ins. Code. § 10113.  As such, extrinsic evidence may generally not be admitted to contradict the terms of an insurance policy. See Blos v. Bankers Life Co., 133 Cal. App. 2d 147, 152 (1955) ("neither [party] should be permitted to show preliminary negotiations to defeat [the policy's] operation"). However, plaintiffs do not seek to introduce evidence extrinsic to the policy in order to contradict its terms.  Rather, they seek to establish that defendants representations induced plaintiffs to enter an agreement with defendants.  See FAC ¶ 41.  Accordingly, the general rule regarding extrinsic evidence does not apply to plaintiffs claim for negligent misrepresentation.  See also Dias v. Nationwide Life Ins. Co., 700 F. Supp. 2d 1204, 1217-18 (E.D. Cal. Mar. 19, 2010) (finding evidence of an insurer's prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|-------------------------|------|-----------------|
| Title    | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

representation was admissible to establish fraud, even if the relevant insurance policy was fully integrated).[4]

Defendants next argue that the FAC fails to identify an actual misrepresentation of material fact. Mot. to Dismiss, at 22. Specifically, they argue that plaintiffs' claims of racial discrimination are not supported by sufficient factual allegations. Reply at 20. However, the policyholders in this case are predominantly African-American. FAC ¶ 14. Moreover, plaintiffs allege that Transamerica admitted that the policies constituted "nearly all" of the "class" that experience a rate increase. Id. ¶ 37. Thus, plaintiffs have alleged that despite representing that they would not discriminate against African-Americans, Transamerica initiated a substantial rate increase, seemingly limited to a predominantly African-American group of policy holders. Such allegations are sufficiently specific to state a "plausible" claim that defendants misrepresented their corporate policies.

Finally, defendants argue that, even if plaintiffs have identified a misrepresentation of a material fact, they have failed to plead any facts that defendants lacked a reasonable grounds to believe the challenged statements.

---

[4] At the hearing, defendants argued that, because plaintiffs are alleging a theory of negligent misrepresentation based on fraud in the inducement of the Policy, they may only rely on a fraud exception to the general rule against extrinsic evidence if they are seeking to rescind the policy. However, when a party claims that their has been fraud in the inducement of a contract, his remedy is not limited solely to rescission of the contract; rather, they may elect between either rescission or affirming the contract and seeking damages. See 4 Witkin, Cal. Proc. 5th, Plead § 417 ("[Defendants] alleged facts showing fraud in the inducement, which would have justified rescission or damages") citing MacIsaac v. Pozzo, 26 Cal. 2d 809 (1945); see also Hershey Entertainment & Resorts Co. v. Interactive Rides, Inc., 2005 WL 3320843, *6 n.15 (M.D. Penn. Dec. 7, 2005) (finding that plaintiff who alleged fraud in the inducement could seek "damages, not rescission of the contract."). Accordingly, even though plaintiffs are not seeking rescission of the Policy, they may still rely on the fraud exception to introduce extrinsic evidence showing that defendants made misrepresentations which induced plaintiffs to enter the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

Mot. to Dismiss, at 22.  In the FAC, plaintiffs' state only that "Transamerica's acts and omissions were and are unreasonable and without proper cause."  FAC ¶ 64.  These conclusory allegations are insufficient to support a claim that defendants lacked a reasonable grounds to believe the truth of the challenged statement.[5]

Accordingly, while plaintiffs have sufficiently pled that defendants made a misstatement of material fact, the FAC fails to adequately allege all of the element required to state a claim for negligent misrepresentation.  Therefore, defendants motion is GRANTED without prejudice.

**E.      Unfair Competition Law**

To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq., a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 252 (Cal. Ct. App. 2011) (internal quotation marks and citation omitted).  Defendants argue that plaintiffs have failed to state a cliam for relief as to all three prongs of the UCL.

Plaintiffs have adequately alleged a claim under the "unlawful" prong.  A claim under the "unlawful" prong can be predicated on any business practice "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made."  Agarwal v. Pomona Valley Med. Grp. Inc., 476 F.3d 665, 674 (9th Cir. 2007).  Here, plaintiffs UCL claim is predicated on defendants alleged tortious breach of the covenant of good faith and negligent

---

[5] The Court notes as well that plaintiffs have stated in their opposition: "[t]o the extent that the Court believes that Plaintiffs' allegations are insufficient, Plaintiffs will plead additional facts."  Opp. to Mot. to Dismiss, at 21-22.  Accordingly, the Court grants defendants motion without prejudice so that plaintiffs may plead these additional facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

misrepresentation. <u>See</u> Opp. to Mot. to Dismiss, at 16. Because the Court finds that plaintiffs have adequately alleged a claim for tortious breach of the covenant of good faith the Court also finds that plaintiffs have stated a claim under the "unlawful" prong of the UCL.

Furthermore, plaintiffs have adequately alleged a claim under the "unfair" prong of the UCL. To state a claim under the "unfair" prong, a plaintiff must prove that a "business practice . . . violates established public policy" or is "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." <u>Eisen v. Porsche Cars North America, Inc.</u>, 2012 WL 841019, *5 (C.D. Cal. Feb. 22, 2012) <u>citing</u> <u>McKell v. Washington Mut., Inc.</u>, 142 Cal. App. 4th 1457, 1473 (2006). Here, plaintiffs allege that defendants violated the "unfair" prong by, among other things, excessively raising policy rates on the basis of either racial animus or improper profit motivations. FAC ¶ 41. As stated above, the Court finds that these allegations are sufficient to state a claim that Transamerica exercised its discretion over the MDR and MEC in bad faith. At the motion to dismiss stage, these are sufficient allegations of a business practice that is "immoral, unethical, oppressive, or unscrupulous, and causes injury to consumers which outweighs its benefits." <u>See</u> <u>Eisen</u>, 2012 WL 841019, *5. Accordingly, plaintiff has adequately alleged a claim under the "unfair" prong.

Accordingly, because the Court finds that plaintiffs have sufficiently alleged claims under the "unlawful" and "unfair" prongs of the UCL, defendants' motion is denied.

**F.     Declaratory Judgment**

Plaintiffs' final claim is for declaratory judgment as to their ongoing rights under the policy. Defendants argue that this claim should be dismissed because it is duplicative of plaintiffs' other causes of action. Mot. to Dismiss, at 23.

"The availability of other adequate remedies may make declaratory relief 'inappropriate.'" StreamCast Networks, Inc. v. IBIS LLC., 2006 WL 5720345,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|-------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

at *4 (C.D. Cal. May 2, 2006). However, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. Proc. 57. Moreover, declaratory relief is proper, "where a breach of contract claim will not settle all of the contractual issues concerning which plaintiff seeks declaratory relief." StreamCast Networks, Inc., 2006 WL 5720345, at *4.

Defendants argue that plaintiffs' claim for declaratory relief is unnecessary because it seeks the same relief plaintiffs request under their claims for breach of contract and the UCL. Mot. to Dismiss, at 24. The Court disagrees. In plaintiffs' other claims they request damages and an injunction precluding defendants from using the existing MDR and MEC rates. FAC ¶¶ 52, 57, 64, 69-70. In plaintiffs' claim for declaratory relief, however, they seek a declaration of the parties respective rights and obligations under the Policy. FAC ¶ 76. This is a distinct remedy from the injunction requested in plaintiffs other claims. Moreover, to the extent such a declaration of rights may give rise to injunctive relief which overlaps with plaintiffs' other requests for relief, plaintiffs will be required to make an election of remedies if they prevail on both claims. Accordingly, plaintiffs request for injunctive relief is not duplicative of their other claims and defendants motion to dismiss is DENIED.

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS without prejudice defendants' motion to dismiss as to plaintiffs' claim for negligent misrepresentation. The court DENIES defendants motion as to all other claims.

Plaintiff shall have **14 days** to file a second amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice of plaintiffs' claim for negligent misrepresentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03238-CAS(VBKx) | Date | August 24, 2015 |
|----------|--------------------------|------|-----------------|
| Title | DCD PARTNERS, LLC., ET AL V. TRANSAMERICA LIFE INSURANCE COMPANY, ET AL | | |

Defendants shall thereafter have **30 days** to file a response to plaintiffs amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |