DAN MARMALEFSKY (BAR NO. 95477)
DMarmalefsky@mofo.com
SYLVIA RIVERA (BAR NO. 223203)
SRivera@mofo.com
NEIL S. TYLER (BAR NO. 301719)
ntyler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone:  213.892.5200
Facsimile:   213.892.5454

MARK C. ZEBROWSKI (BAR NO. 110175)
mzebrowski@mofo.com
ELLEN NUDELMAN ADLER (BAR NO. 235534)
eadler@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive Suite 100
San Diego CA 92130
Telephone:  (858) 720-5100

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCD PARTNERS, LLC, a California limited liability company; PERSONAL INVOLVEMENT CENTER, LLC, a Nevada limited liability company; and REVEREND DR. J. BENJAMIN HARDWICK, as trustee of the PERSONAL INVOLVEMENT CENTER TRUST NO. 1,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, a corporation, TRANSAMERICA LIFE INSURANCE COMPANY, successor in interest to TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY; and DOES 1-30,<br><br>                    Defendants. | Case No. 2:15-cv-03238-CAS-VBK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Hon. Christina A. Snyder<br><br>Complaint Filed:  Mar. 18, 2015 |

1

la- 1311171

**1.     PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs DCD Partners, LLC, Personal Involvement Center, LLC, and Reverend Dr. J. Benjamin Hardwick, as Trustee of the Personal Involvement Center Trust No. 1 (collectively, "Plaintiffs") and Defendant Transamerica Life Insurance Company ("Defendant" or "Transamerica") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Action</u>:  *DCD Partners, LLC, et al. v. Transamerica Life Insurance Company,* Case No. 2:15-cv-03238-CAS-VBK.

2.2     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>:

Confidential proprietary or commercially sensitive business or financial information, trade secrets, or personal information which is not generally known or publicly available and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information

2

that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  A Party or Non-Party that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party or a current employee of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8    "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items:  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

la- 1311171

2.9   <u>House Counsel</u>:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel

4

that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2      Manner and Timing of Designations:  Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

la- 1311171

1   under this Order must be clearly so designated before the material is disclosed or

2   produced.  Designation in conformity with this Order requires:

3        (a) for information in documentary form (e.g., paper or electronic documents,

4   but excluding transcripts of depositions or other pretrial or trial proceedings), that

5   the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or

6   "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY", to each page that

7   contains protected material.  If only a portion or portions of the material on a page

8   qualifies for protection, the Producing Party also must clearly identify the protected

9   portion(s) (e.g., by making appropriate markings in the margins).

10        A Party or Non-Party that makes original documents available for inspection

11   need not designate them for protection until after the inspecting Party has indicated

12   which documents it would like copied and produced.  During the inspection and

13   before the designation, all of the material made available for inspection shall be

14   deemed "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."  After the

15   inspecting Party has identified the documents it wants copied and produced, the

16   Producing Party must determine which documents, or portions thereof, qualify for

17   protection under this Order.  Then, before producing the specified documents, the

18   Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL- ATTORNEYS' EYES ONLY" to each page that contains

20   Protected Material. If only a portion or portions of the material on a page qualifies

21   for protection, the Producing Party also must clearly identify the protected

22   portion(s) (e.g., by making appropriate markings in the margins).

23        (b)  any Party may designate as Protected Material testimony given in a

24   deposition or in other pretrial or trial proceedings by informing the reporter during

25   the deposition or by sending a written notice to all attorneys of record and to the

26   deposition reporter designating by page and line any portions of transcript to be so

27   restricted, or the entire transcript if applicable, within thirty (30) days after

28   receiving the deposition transcript and specifying the level of protection being

la- 1311171

asserted.  Each party shall attach a copy of such written notice to the transcript and each copy thereof in that party's possession, custody or control.

During this 30-day period, a transcript will be treated as if it had been designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers-as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

la- 1311171

the Designating Party's right to secure protection under this Order for such

material.  Upon timely correction of a designation, the Receiving Party must make

reasonable efforts to assure that the material is treated in accordance with the

provisions of this Order.

**6.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Timing of Challenges:  Any Party or Non-Party may challenge a

designation of confidentiality at any time that is consistent with the Court's

Scheduling Order.   Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

unnecessary economic burdens, or a significant disruption or delay of the litigation,

a Party does not waive its right to challenge a confidentiality designation by

electing not to mount a challenge promptly after the original designation is

disclosed.

6.2   Meet and Confer:  The Challenging Party shall initiate the dispute

resolution process under Local Rule 37.1 *et seq.*  In conferring, the Challenging

Party must explain the basis for its belief that the confidentiality designation was

not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in

designation is offered, to explain the basis for the chosen designation.

6.3   Burden:  The burden of persuasion in any such challenge proceeding

shall be on the Designating Party.  Frivolous challenges, and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the Challenging Party to sanctions.  Unless the

Designating Party has waived or withdrawn the confidentiality designation, all

parties shall continue to afford the material in question the level of protection to

which it is entitled under the Designating Party's designation until the Court rules

on the challenge.

8

la- 1311171

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, including current and former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

la- 1311171

1    (g) the author or recipient of a document containing the information or a

2  custodian or other person who otherwise possessed or knew the information;

3    (h) during their depositions, witnesses, and attorneys for witnesses, in the

4  Action to whom disclosure is reasonably necessary, provided they sign the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

6  agreed by the Designating Party or ordered by the court.  Pages of transcribed

7  deposition testimony or exhibits to depositions that reveal Protected Material must

8  be separately bound by the court reporter and may not be disclosed to anyone

9  except as permitted under this Protective Order; and

10    (i) any mediator or settlement officer, and their supporting personnel,

11  mutually agreed upon by any of the parties engaged in settlement discussions.

12    7.3    Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES

13  ONLY Information or Items:   Unless otherwise ordered by the court or permitted

14  in writing by the Designating Party, a Receiving Party may disclose any

15  information or item designated "HIGHLY CONFIDENTIAL- ATTORNEYS'

16  EYES ONLY" only to:

17    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to

19  disclose the information for this litigation;

20    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

21  necessary for this litigation, and (2) who have signed the "Acknowledgment and

22  Agreement to Be Bound" (Exhibit A);

23    (c) the court and its personnel;

24    (d) court reporters and their staff, professional jury or trial consultants, mock

25  jurors, and Professional Vendors to whom disclosure is reasonably necessary for

26  this litigation; and

27    (e) the author or recipient of a document containing the information or a

28  custodian or other person who otherwise possessed or knew the information.

la- 1311171

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**
**PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
**PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."  Such information produced by

la- 1311171

1  Non-Parties in connection with this litigation is protected by the remedies and relief

2  provided by this Order.  Nothing in these provisions should be construed as

3  prohibiting a Non-Party from seeking additional protections.

4      (b) In the event that a Party is required, by a valid discovery request, to

5  produce a Non-Party's confidential information in its possession, and the Party is

6  subject to an agreement with the Non-Party not to produce the Non-Party's

7  confidential information, then the Party shall:

8          (1) promptly notify in writing the Requesting Party and the Non-Party

9          that some or all of the information requested is subject to a confidentiality

10         agreement with a Non-Party;

11         (2) promptly provide the Non-Party with a copy of the Protective

12         Order in this Action, the relevant discovery request(s), and a reasonably

13         specific description of the information requested; and

14         (3) make the information requested available for inspection by the

15         Non-Party, if requested.

16     (c) If the Non-Party fails to seek a protective order from this court within 21

17 days of receiving the notice and accompanying information, the Receiving Party

18 may produce the Non-Party's confidential information responsive to the discovery

19 request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

20 not produce any information in its possession or control that is subject to the

21 confidentiality agreement with the Non-Party before a determination by the court.

22 Absent a court order to the contrary, the Non-Party shall bear the burden and

23 expense of seeking protection in this court of its Protected Material.

24 **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

25     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26 Protected Material to any person or in any circumstance not authorized under this

27 Protective Order, the Receiving Party must immediately (a) notify in writing the

28 Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

la- 1311171

all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (e.g. work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide notice to the parties who have received such information. Within ten (10) business days of the date of that notice, the documents or materials described in that notice shall be returned to counsel for the Producing Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials shall be destroyed.  No use shall be made of such documents or materials from such inadvertent production during deposition or at trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.  If the Receiving Party intends to challenge the assertion of privilege, it must provide

la- 1311171

written notice within this ten-day period, explaining the grounds for its challenge. The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.  Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials, place them in a sealed envelope and shall not make any use of such information.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material:  A Party that seeks to file any Protected Material must comply with Civil Local Rule 79-5 and file under seal, unless the Designating Party gives its written permission to file in the public record.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the

1   Protected Material that was returned or destroyed and (2) affirms that the Receiving

2   Party has not retained any copies, abstracts, compilations, summaries or any other

3   format reproducing or capturing any of the Protected Material.  Notwithstanding

4   this provision, Counsel are entitled to retain an archival copy of all pleadings,

5   motion papers, trial, deposition, and hearing transcripts, legal memoranda,

6   correspondence, deposition and trial exhibits, expert reports, attorney work product,

7   and consultant and expert work product, even if such materials contain Protected

8   Material.  Any such archival copies that contain or constitute Protected Material

9   remain subject to this Protective Order as set forth in Section 4 (DURATION).

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

la- 1311171

Dated:  June 8, 2016

BREWER, ATTORNEYS & COUNSELORS

By: */s/* ANTHONY J. BEGON

ANTHONY J. BEGON
(admitted *pro hac vice*)
WILLIAM A. BREWER III
(admitted *pro hac vice*)

BREWER, ATTORNEYS & COUNSELORS
1717 Main Street
Suite 5900
Dallas, TX 75201
Phone: 214.653.4000

MICHAEL A. COLTON, Esq.
coltonlaw@gmail.com
THE COLTON LAW FIRM
825 Jennings Avenue
Santa Barbara, CA 93103
Telephone: (805) 455-4546
Facsimile: (805) 965-9623

Attorneys for Plaintiffs
DCD PARTNERS, LLC,
PERSONAL INVOLVEMENT
CENTER, LLC and REVEREND
DR. J. BENJAMIN HARDWICK
as trustee of the PERSONAL
INVOLVEMENT CENTER
TRUST NO. 1

Dated:  June 8, 2016

MORRISON & FOERSTER LLP

By: */s/* DAN MARMALEFSKY

DAN MARMALEFSKY

Attorneys for Defendant
TRANSAMERICA LIFE
INSURANCE COMPANY

16

## ECF ATTESTATION

I, Dan Marmalefsky, am the ECF user whose ID and password are being used to file this [PROPOSED] STIPULATED PROTECTIVE ORDER.  In compliance with Civil Local Rule 5-4.3.4, I hereby attest that Anthony J. Begon concurs in this filing's content and has authorized the filing.

Dated:       June 8, 2016                    MORRISON & FOERSTER LLP

                                         By:   _/s/ DAN MARMALEFSKY_____
                                                DAN MARMALEFSKY

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

_____

United States Magistrate Judge

<u>June 10, 2016</u>
Date

//
//
//
//
//
//
//
//
//
//
//
//
//
//

17

la- 1311171

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____[date] in the case of *DCD Partners, LLC, et al. v.*

*Transamerica Life Insurance Company,* Case No. 2:15-cv-03238-CAS-VBK.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.  I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.  I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

la- 1311171