Brewer, Attorneys & Counselors
William A. Brewer III (*pro hac vice*)
wab@brewerattorneys.com
Maxwell D. Herman  (*pro hac vice*)
mwh@brewerattorneys.com
5900 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

The Colton Law Firm
Michael A. Colton (SBN 083231)
825 Jennings Avenue
Santa Barbara, California 93103
Telephone:  (805) 455-4546
Facsimile:  (805) 965-9623
coltonlaw@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCD PARTNERS, LLC, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, a corporation, et al.,<br><br>     Defendants. | Case No. 2:15-cv-03238-CAS-(AJWx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 1 TO EXCLUDE EXPERT OPINIONS NOT IN REPORTS**<br><br>Hon. Christina A. Snyder<br><br>Hearing Date:  August 14, 2017<br>Time:  11:00am<br><br>Trial: August 29, 2017<br>Complaint Filed: March 18, 2015 |

Plaintiffs submit this Memorandum of Points and Authorities in Opposition to Defendant's Motion *in Limine* Number One (the "Motion").

## ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 26(e)(1) provides that a party must supplement an incomplete or incorrect expert report with additional information not previously known to the party by the time of pretrial disclosures.[1]   Here, July 24, 2017.   Pursuant to Rule 37(c)(1), if a party fails to timely disclose information, the information may be used at trial if the delay was substantially justified or harmless.[2]   Moreover, even when neither justified nor harmless, untimely information may be used at trial if exclusion is tantamount to dismissal.[3]

Defendant makes three arguments to exclude Plaintiffs' experts' (the "Experts") testimony.   First, that the disclosures are not timely.   Second, that the disclosures offer new opinions.   Third, that the disclosures prejudice Defendant. The Court should deny Defendant's motion for five reasons.

First, the Experts' supplemental reports were timely served.   The supplemental reports, which encompass the information brought to the Court's attention in the Experts' Sworn Declarations in Opposition to Defendant's Motion for Summary Judgment on June 17, 2017, were served on July 24, 2017, the deadline for disclosure.[4]   Thus, Defendant's motion should be denied.[5]

Defendant's brief disregards the disclosure deadline.   Instead, Defendant

---

[1] *See Wechsler v. Macke Int'l Trade, Inc.*, 221 F.R.D. 619, 623 (C.D. Cal. 2004) (admitting supplemental report filed on deadline for pretrial disclosures).
[2] *See e.g.*, *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 989 (D. Ariz. 2011) (delay substantially justified by late production and court order).
[3] *See e.g.*, *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 655 (C.D. Cal. 2007).
[4] *See* Declaration of Maxwell D. Herman ("Herman Decl."), ¶ 2; *see also* Supplemental Expert Report of Vincent J. Granieri, attached as Exhibit 3 to the Herman Decl.; Supplemental Expert Report of Robert S. Cauthen, attached as Exhibit 4 to the Herman Decl.
[5] *See Wechsler*, 221 F.R.D. at 623.

argues that Plaintiffs' supplemental reports are untimely because Plaintiffs failed to "make any effort" to supplement after the October 5, 2016, expert report deadline. Defendant conveniently ignores that the overwhelming majority of documentary evidence in this case (573,006/719,173 documents) was withheld by Defendant until after the December 16, 2016, discovery cut-off, and then only produced after Magistrate Judge Wistrich twice-compelled Defendant to do so.[6]  (ECF Nos. 129, 177).   Defendant's productions continued until April 2017, despite document requests having been served on May 5, 2016.[7]  Defendant's dilatory conduct forced Plaintiffs to postpone the majority of depositions until May and June 2017, as well.[8]

Further, as of the rebuttal report deadline of November 8, 2016, Defendant had not produced a single email, spreadsheet or analysis to Plaintiffs, and produced only a fraction of the total electronically-stored information in its possession on December 3, 2016, at Judge Wistrich's behest.[9]  (ECF No. 104).  Prior to that date, Defendant's productions consisted of Plaintiffs' policy forms and policy information, documents to which Plaintiffs, as policyholders, are always entitled.[10] As a result, the Experts explicitly reserved the right to supplement their initial reports with subsequently obtained evidence.[11]

Due to Defendant's recalcitrance, the record still was not complete as of the time Plaintiffs' Opposition to Summary Judgment was due.  Plaintiffs had three additional depositions scheduled, and a pending motion to de-designate privileged documents.[12]   Nevertheless, the Experts prepared sworn declarations identifying

---

[6] *See* Herman Decl., ¶ 3.
[7] Defendant produced 459,794 on March 17, 2017.  *See* Herman Decl., ¶ 3.
[8] *See* Herman Decl., ¶ 4.
[9] *See* Herman Decl., ¶ 5.
[10] *See id.*
[11] *See* Initial Expert Report of Vincent J. Granieri, attached as Exhibit 1 to the Herman Decl., at 2; Initial Expert Report of Robert S. Cauthen, attached as Exhibit 2 to the Herman Decl., at 3-4; *Wechsler*, 221 F.R.D. 623.
[12] *See* Herman Decl., ¶ 6;

specific aspects of their initial opinions that were being supplemented with information obtained through discovery. Defendant cannot, by disregarding Court-ordered deadlines and the Federal Rules, preclude Plaintiffs from supplementing their reports by delaying production of crucial evidence.

Second, the Experts' supplemental reports do not proffer new opinions.[13] Defendant argues that Plaintiffs' expert Vincent J. Granieri "offers several new opinions." Namely, that: (a) "the MDR increase was not consistent with the TransValue policy terms;" (b) "the smallest appropriate policy class [for a monthly deduction increase was all TransValue simplified issue policies];" (c) Defendant's mortality study was inadequate; and, (d) "[Defendant] made misrepresentations in its marketing materials and illustrations." Defendant is mistaken.

Without the benefit of the majority of discovery in this matter, Mr. Granieri explicitly opined in his initial report: "[M]y opinion is that the April 2013 MD Increase was not consistent with the Policy terms."[14] He then elucidated why the increase was not consistent with the policy terms, noting, *inter alia*, that any increase must be "consistent for all similarly situated policies - that is, those that belong to the same class," and that, despite "not [having] been given the mortality study or studies that formed the basis for the increase," Defendant's study was likely inadequate in the absence of actuarial techniques such as confidence intervals.[15] This clearly encompasses alleged new opinions (a), (b) and (c). With regard to alleged new opinion (d), in his initial report, Mr. Granieri opined: "[T]he marketing of this program to Plaintiff's (sic) was misleading." Mr. Granieri specifically referenced illustrations.[16] Thus, Defendant's motion should be denied.

---

[13] *See e.g., Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011).

[14] *See* Exhibit 1 to the Herman Decl., at 4.

[15] *See id.* at 5.

[16] *See id.* at 6.

Defendant also avers that Plaintiffs' expert Robert S. Cauthen proffers a new opinion concerning the meaning of "mortality."  In his initial report, Mr. Cauthen opined that Defendant used an unsuitable product and underwriting for insureds affiliated with several foundations, including PIC, a mismatch highly likely to result in a monthly deduction increase for the class.[17]  Subsequent discovery indicates that Defendant discriminatorily increased the monthly deductions for Plaintiffs based solely on PIC's mortality, and not the mortality of a class.[18]  In light of that new information, it was necessary for Mr. Cauthen to supplement his report to indicate that his initial opinion assumed any increase due to mortality would be on a class basis (as would be consistent with the policy terms).  Thus, the Experts do not proffer new opinions and Defendant's motion should be denied.

Third, even if the Court finds that the Experts' supplemental reports do proffer new opinions, and it should not, any alleged delay was substantially justified and harmless.  As laid out, above, Defendant's chosen course of conduct throughout discovery, one of delay, obfuscation and obstinacy, is the direct cause of any allegedly untimely opinions.[19]  In fact, the Experts continue to receive probative information spoliated by Defendant by way of NANM, Defendant's general agent, and only recently obtained the deposition of NANM employee Fred Albracht, the actuary who first proposed the cost of insurance increase to Defendant, on July 11, 2017.[20]  Thus, any alleged delay was substantially justified.

In addition, any alleged delay did not result in harm.  By choice, Defendant has yet to depose the Experts.  Their depositions are currently set for August 8 and August 9, two weeks after service of the supplemental reports and nearly two

---

[17] *See* Exhibit 2 to the Herman Decl., at 8, 14.
[18] *See* Pl.s Opp. to Def.'s Mot. Summ. J. (ECF No. 243), at 11-14.
[19] *See e.g.*, *Perez*, 810 F.Supp.2d at 989 (delay substantially justified where data produced after rebuttal report deadline, and 2 months after discovery order).
[20] *See* Herman Decl., ¶ 7.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S**
**MOTION IN LIMINE NUMBER 1 TO EXCLUDE EXPERT OPINIONS NOT IN REPORTS**

months after the Experts' sworn declarations were filed.[21]   Thus, Defendant will have every opportunity to explore the Experts' alleged new opinions.  In addition, Defendant has been on notice of the Experts' alleged new opinions since June 17, 2017, when the Experts filed the sworn declarations.

Fourth, if the Court finds that the supplemental reports offer new opinions, Plaintiffs respectfully submit that lesser sanctions are appropriate where, as here, exclusion is tantamount to dismissal.[22]  The opinions Defendant identifies as "new" in Mr. Granieri's supplement go to the heart of Plaintiffs' case (which is why they were included in his initial report).  Excluding related testimony by Mr. Granieri leaves Plaintiffs unable or nearly unable to demonstrate Defendant's contractual and tortious breaches, achieve remuneration for Plaintiffs, and preserve a program directly supporting thousands of families and indirectly supporting thousands more.

Fifth, Defendant's caselaw is easily distinguishable,[23] and the instant facts are analogous to those in *Wechsler v. Macke Intern. Trade, Inc.*, 221 F.R.D. 619 (2004), wherein this Court did not exclude expert testimony.

For the reasons set forth, Plaintiffs request that the Court deny the Motion.

---

[21] *See* Herman Decl., ¶ 8.

[22] *See e.g.*, *U.S. ex rel. O'Connell*, 245 F.R.D. at 655; *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

[23] *See e.g.*, *Encompass Ins. Co. v. Berger*, 2014 WL 12597120 (C.D. Cal. Aug. 12, 2014) (expert withheld new opinions until trial deposition despite no discovery delays; testified a year previous that his opinions were complete); *Wong v. Regents of Univ. of California*, 410 F.3d 1052 (9th Cir. 2005) (disability expert in ADA lawsuit not disclosed until after defendant filed for summary judgment); *Smartmetric, Inc. v. Mastercard Int'l, Inc.*, 2013 WL 12108250 (C.D. Cal. Oct. 2, 2013) (in patent case, where "treatises propose strictly ordered discovery," untimely new opinion not justified because expert did not primarily rely on documents unavailable prior to the expert disclosure deadline); *Estate of E.H. v. City of Pasadena*, 2010 WL 11508333 (C.D. Cal. Mar. 16, 2010) (expert had already been deposed and proffered no excuse for untimely supplement); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215 (9th Cir. 2009) (initial report not served until after deadlines for disclosure and expert discovery); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) (initial report served two years after the close of discovery and 28 days prior to trial).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 1 TO EXCLUDE EXPERT OPINIONS NOT IN REPORTS

Dated:  July 24, 2017

BREWER, ATTORNEYS &
COUNSELORS

By: _/s/  Maxwell D. Herman_
Maxwell D. Herman

WILLIAM A. BREWER III
(admitted *pro hac vice*)
MAXWELL D. HERMAN
(admitted *pro hac vice*)

BREWER, ATTORNEYS &
COUNSELORS

1717 Main Street
Suite 5900
Dallas, TX 75201
Phone: 214.653.4000
Facsimile: 214.653.1015

~and~

MICHAEL A. COLTON, Esq.
coltonlaw@gmail.com
THE COLTON LAW FIRM
825 Jennings Avenue
Santa Barbara, CA 93103
Telephone: (805) 455-4546
Facsimile: (805) 965-9623

Attorneys for Plaintiffs
DCD PARTNERS, LLC,
PERSONAL INVOLVEMENT
CENTER, LLC and REVEREND
DR. J. BENJAMIN HARDWICK
as trustee of the PERSONAL
INVOLVEMENT CENTER
TRUST NO. 1

6

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NUMBER 1 TO EXCLUDE EXPERT OPINIONS NOT IN REPORTS
4845-3236-0051.1
2206-02