1  DAN MARMALEFSKY (BAR NO. 95477)
   DMarmalefsky@mofo.com
2  ASHLEIGH K. LANDIS (BAR NO. 281601)
   ALandis@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
4  Los Angeles, CA 90017-3543
   Telephone:  213.892.5200
5  Facsimile:   213.892.5454

6  MARK C. ZEBROWSKI (BAR NO. 110175)
   MZebrowski@mofo.com
7  KIMBERLY R. GOSLING (BAR NO. 247803)
   KGosling@mofo.com
8  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
9  San Diego, CA 92130
   Telephone:  858.720.5100
10 Facsimile:   858.720.5125

11 Attorneys for Defendant
   TRANSAMERICA LIFE INSURANCE COMPANY

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

| 16  DCD PARTNERS, LLC, a California limited liability company; PERSONAL INVOLVEMENT CENTER, LLC, a Nevada limited liability company; and REVEREND DR. J. BENJAMIN HARDWICK, as trustee of the PERSONAL INVOLVEMENT CENTER TRUST NO. 1, | Case No. 2:15-cv-03238-CAS-AJWx |
|---|---|

Plaintiffs,

v.

TRANSAMERICA LIFE INSURANCE COMPANY, a corporation, TRANSAMERICA LIFE INSURANCE COMPANY, successor in interest to TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY; and DOES 1-10,

Defendants.

**TRANSAMERICA LIFE INSURANCE COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT OPINIONS NOT IN REPORTS**

Hon. Christina A. Snyder

Hearing Date:        August 14, 2017
Hearing Time:        11:00 a.m.

Pretrial Conference:   August 14, 2017
Trial:                August 29, 2017
Complaint Filed:      March 18, 2015

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

Defendant Transamerica Life Insurance Company ("TLIC") submits this supplemental brief in support of its Motion *in Limine* ("MIL") No. 1 to exclude expert opinions that are not in the initial October 2016 reports of Plaintiffs' experts Vincent J. Granieri (ECF No. 264-1) and Robert S. Cauthen, Jr. (ECF No. 265-1). On July 24, in response to MIL No. 1 and *after* the parties filed their pre-trial disclosures, Plaintiffs filed and served untimely supplemental reports from these experts without leave of court. (ECF Nos. 290-3, 290-4.) Those reports and any opinions therein should also be stricken.

## LEGAL STANDARD

Rule 26(e) permits supplementation of expert reports when:

> ***a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. It does not cover failures of omission because the expert did an inadequate or incomplete preparation.*** To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation.

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (emphasis added) (internal citations omitted). If a supplemental expert report "falls outside the scope of Rule 26(e)," it must comply with the discovery schedule set by the Court or, alternatively, be permitted after requesting and receiving a Rule 16 continuance from the Court.[1] Scheduling orders "may be modified only for good

---

[1] Under Rule 26(e), the "duty to supplement" contemplates testimony used to correct errors, not new opinions offered to bolster prior reports. *See Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, Case No. 14-cv-00930-JCS, 2016 WL 158874, at *9 (N.D. Cal. Jan. 14, 2016). Where an untimely supplemental report "simply adds new analysis . . . [of] a topic that [the expert] had previously declined to address in his initial Report, Rebuttal Report, or deposition," it "falls outside the scope of Rule 26(e)." *Id.* at *11. Additionally, supplemental reports fall outside Rule 26(e) when the plaintiff had "not asked [the expert] to perform the analysis" earlier, even though it could have. *Pac. Info. Res., Inc. v. Musselman*, No. C06-2306 MMC (BZ), 2008 WL 2338505, at *1 (N.D. Cal. June 4, 2008).

1  cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Modification

2  focuses on the diligence of the party seeking relief from a deadline. *Johnson v.*

3  *Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). If the party

4  seeking relief "was not diligent, the inquiry should end." *Id.*

5  **I.   MR. GRANIERI'S JUNE 17 DECLARATION AND JULY 24 REPORT**
      **ARE IMPROPER SUPPLEMENTATIONS UNDER RULE 26(e)**

6       Mr. Granieri's June 17 Declaration and July 24 Report present several new

7  opinions never before pled and bolster his previous opinions, placing the

8  supplementations outside the scope of Rule 26(e). Fed. R. Civ. P. 26(e); *Rojas v.*

9  *Marko Zaninovich, Inc.*, No. CIV-F-09-0705 AWI JLT, 2011 WL 6671737, at *5

10 (E.D. Cal. Dec. 21, 2011) (barring supplementation because Rule 26(e) only allows

11 it to clarify incomplete or incorrect opinions that are misleading) (citing *Akeva*

12 *L.L.C.*, 212 F.R.D. at 310).

13 ████████████████████████████████████████████

14 █████████████████████████████████████████████

15 ███████████████████████████████████████████

16 ████████████████████████████████████████

17 ███████████████████████████████████████████

18 ██████████████████████████████████████

19 ██████████████████████████████████████ His untimely

20 opinions are outside the scope of supplementation because they are new opinions or

21 designed to bolster, not correct or complete opinions that are otherwise misleading.

22 *Akeva L.L.C.*, 212 F.R.D. at 310.

23 ████████████████████████████████████████████

24 ████████████████████████████████████████

25 ████████████████████████████████████████

26 █████████████████████████████████████. (NOL, Ex. 4 ¶ 5; ECF No.

27 290-3 ¶¶ 8, 9 n.7, 12-14.)

28

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 ███████████████████████████████████████

4 █████████████████████████████████████████████

5 ████████████████████████████████████

6 ████████████████  (*See id.*)  Moreover, he cites only a single document that was

7 produced before the initial discovery cut-off in December 2016, without explaining

8 why that document required corrective action seven months later.  (*Id.* at ¶ 42 n.43.)

9 ██████████████████████████████████████

10 █████████████████████████████████████████████

11 ████████████  (ECF No. 290-3 ¶¶ 20-25, 36.)  This new theory is not a correction to

12 his previous testimony, nor was it ever pled.  (*See* ECF No. 40, SAC.)  Moreover,

13 the documents he cites to support this new theory were all produced before the

14 initial discovery cut off in December 2016.  (ECF No. 290-3 ¶¶ 20-22 n. 23-n. 29.)

15 **II.    MR. CAUTHEN'S JUNE 17 DECLARATION AND JULY 24 REPORT**
16 **ARE IMPROPER SUPPLEMENTATIONS UNDER RULE 26(E)**

17 Mr. Cauthen's June 17 Declaration (ECF No. 210-3) and July 24 Report

18 (ECF No. 290-4) are outside the scope of Rule 26(e) because they raise new

19 theories and bolster previous opinions, which he readily admits.  ████████████

20 ███████████████████████████████████████

21 ███████████████████████████████████ (NOL, Ex. 7, Cauthen

22 Dep, at 17:20-22.)  ████████████████████████████████████

23 █████████████████████████  (*Id.* at 25:12-21.)  ████████

24 ████████████████████████████████████████

25 █████████████████████████████████████

26 ████.[2]  (*Id.* at 129:8-132:23.)  ██████████████████

27 ───────────────
[2] The MSJ was filed January 27, 2017 (*see* ECF No. 145).  Mr. Cauthen fails
28 to explain why he waited nearly six more months before disclosing it on June 17.

la-1357495

1 ████████████████████████████████████████████████████████

2 ██████████████████████████████████████████ (*Id.* at 143:24-144:22;

3 146:15-22.)

4     For example, Mr. Cauthen's July 24 Report ████████████████████

5 ████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████ (ECF

8 No. 290-4 ¶ 22.) █████████████████████████████████████████

9 ████████████████████████████████████████████████

10 █████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ███████████████████████████████████ (NOL, Ex. 7, at 152:17-155:21;

15 161:22-162:9.)

16     Mr. Cauthen relies almost exclusively on documents produced in 2016 or

17 January 2017 and a publicly available 2011 deposition transcript in an unrelated

18 case. (ECF No. 290-4 ¶¶ 24, 27, 30.)  He cannot supplement his initial report to

19 bolster, alter, and embolden his original opinions using documents that were

20 available to him more than six months prior. *Rojas*, 2011 WL 6671737, at *5

21 (barring supplementation where "[t]he information was clearly available" many

22 months before).

## III.  PLAINTIFFS DID NOT OBTAIN LEAVE UNDER RULE 16 TO SERVE ADDITIONAL EXPERT OPINIONS

24     Plaintiffs did not seek leave to serve supplemental expert opinions nine

25 months after the expert report deadline, much less exercise diligence in doing so.

26 The inquiry should end the reports at issue should be excluded. *See Tesoro Ref. &*

27

28

*Mktg. Co. LLC*, 2016 WL 158874, at *11.[3]

Even assuming TLIC should have known the July 24 Reports were forthcoming once they received Messrs. Granieri's and Cauthen's declarations on June 17, 2017, such "notice" hardly shows diligence.  The July 24 Reports were prepared and served only in response to TLIC's MIL No. 1 regarding the June 17 Declarations and Plaintiffs' failure to properly disclose their expert opinions.  (ECF No. 247.)  Moreover, the July 24 Reports, which contained new opinions not present in the declarations and additional bolstering of inadequate opinions, were served more than a month after the June 17 Declarations were filed, after pretrial disclosures were made, after TLIC's actuarial expert was deposed, and only five weeks before trial with no notice.  This timeline demonstrates "carelessness . . . and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.

## IV.  TLIC WOULD SUFFER PREJUDICE IF PLAINTIFFS ARE PERMITTED TO INTRODUCE THESE UNTIMELY OPINIONS

The case is going to trial in two weeks, and just a month after Plaintiffs served the supplemental expert reports, often addressing issues never pled.  TLIC would face substantial prejudice were Plaintiffs' experts are permitted to offer these new untimely opinions in trial.  Moreover, the probative value of the new testimony is outweighed by the prejudicial impact on TLIC.  Fed. R. Evid. 403.  (ECF No. 247.)  Therefore, TLIC respectfully requests the Court grant MIL No. 1 to exclude the expert declarations and supplemental expert reports of Messrs. Granieri and Cauthen.

---

[3] Plaintiffs attempt to establish diligence by setting forth the broad discovery timeline in this case.  (ECF No. 291-1 ¶¶ 3-8.)  The mere fact that discovery was continued for other, "limited purposes" (ECF No. 191) does not allow Plaintiffs to make an end run around the expert report deadlines.  If Plaintiffs' experts believed they needed additional discovery to fully opine on any issue, they should have so stated.  They did not.  Instead, they included—and rely on—a general reservation of rights to supplement their reports in the future if new information is gleaned, subject to court approval.

Transamerica's Supplemental Brief ISO Motion in Limine No. 1

1

2

Dated:  August 12, 2017

MORRISON & FOERSTER LLP

3

4

By:  _____/s/ Mark C. Zebrowski_____
       Mark C. Zebrowski

5

6

Attorneys for Defendant
TRANSAMERICA LIFE
INSURANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRANSAMERICA'S SUPPLEMENTAL BRIEF ISO MOTION IN LIMINE NO. 1

la-1357495